**United States District Court**

For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ALCUIN OREGANA,

    Defendant.

_____/

No. C 02-388 PJH

**ORDER RE: CO-CONSPIRATOR STATEMENTS**

The court has reviewed the co-conspirator statements submitted by the government on Friday, December 16, 2005. The government seeks to admit statements made by the victim *only* to Gideon Ilumin as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E).[1]

FRE 801(d)(2)(E) provides that a statement is not hearsay if it is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and party against whom the statement is offered."

Under *Bourjaily v. United States*, 483 U.S. 171 (1987), "an accused's knowledge of and participation in an alleged conspiracy are preliminary facts that must be established before extra-judicial statements of a co-conspirator can be introduced into evidence." *See*

---

[1] The government *does not* seek to admit statements from various other witnesses as contained in paragraph nine of the exhibit to its December 16, 2005 filing. Accordingly, this order applies only to the statements made by the victim to Ilumin as contained in that exhibit.

*also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). "Although co-conspirator hearsay statements may be used to prove the preliminary facts of the conspiracy and defendant's involvement in it, the government cannot rely solely on those statements: there must be evidence, beyond the statements, to demonstrate by a preponderance of the evidence the conspiracy and the defendant's connection to it." *United States v. Tamez*, 941 F.2d 770 (9th Cir. 1991).

The Ninth Circuit has explained:

> Because of this presumptive unreliability [of a coconspirator's statement], a co-conspirator's statement implicating the defendant in the alleged conspiracy must be corroborated by *fairly incriminating evidence. . . .* by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy.

*Silverman*, 861 F.2d at 578.

Here, the government has not made a sufficient showing for the court to rule on the admissibility of the proffered statements under FRE 801(d)(2)(E), a showing that should have been made in the context of the pre-trial papers and motions.

Nevertheless, the court is inclined to admit the victim's statements to Gideon Ilumin, as proffered in the government's December 16, 2005 filing, pursuant to hearsay exception FRE 804(b)(3), as statements against the victim's penal interests. *See Padilla v. Terhune*, 309 F.3d 614, 618-19 (9th Cir. 2002) ("when an accomplice makes a statement incriminating the defendant in private, to a friend, without mitigating his own role in the crime, the circumstances surrounding the statement provide a particularized guarantee of trustworthiness, which satisfies the Confrontation Clause").

**IT IS SO ORDERED.**

Dated: December 19, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2