**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C 02-388 PJH |
| v. | **ORDER RE: DR. PEREZ-ARCE'S PROPOSED EXPERT TESTIMONY** |
| ALCUIN OREGANA, | |
| Defendant. | |
| _____/ | |

At the December 14, 2005 pre-trial conference, the defendant presented the court with a summary of its proposed expert testimony from Dr. Patricia Perez-Arce. Specifically, the defendant asserted that:

> Dr. Perez-Arce will testify that at the time of the crimes, Mr. Oregana suffered from mental diseases or defects, including HIV/AIDS related mental impairments. She will further describe the characteristics of such diseases and defects as outlined in her reports and previous testimony. Such testimony will be offered to show that Mr. Oregana could not have formed the specific intents required for the crimes with which he is charged.

The court ruled that defendant would be permitted to introduce such expert testimony as to a mental disease or defect as it relates to his ability to form the specific intents for the crimes charged. *See United States v. Twine*, 853 F.2d 676, 681 (9th Cir. 1988).

However, defendant also sought to introduce Dr. Perez-Arce's testimony that:

> it is her opinion that Mr. Oregana is an extremely passive-dependent, non-aggressive individual for whom an act of deliberate violence would be totally out

of character. She will testify that in performing her evaluation in this case, she
ruled out certain personality disorders such as antisocial personality disorder
and psychopathy which are normally symptomatic of a personality trait for violent
and illegal behavior.

The government objected to the introduction of such evidence, and the court granted
the government's motion to exclude the evidence as improper character evidence under
Federal Rule of Evidence ("FRE") 404(a).

However, the court has since reconsidered the issue *sua sponte,* and VACATES its
previous ruling and orders further briefing as follows. Under FRE 404(a)(1), the Ninth Circuit
has held that a defendant is entitled to introduce as character evidence his "proneness to
criminal activity" as it relates to the defendant's "law-abidingness." *United States v. Diaz*, 961
F.2d 1417, 1419 (9th Cir. 1992) (ruling, however, that "[a] defendant's propensity to engage in
large scale drug dealing . . . is not an admissible character trait"). Moreover, under Rules 405
and 702, this court may permit such character testimony in the form of an opinion, including
that of an expert, as long as the "expert testimony will assist the trier of fact in drawing its own
conclusion as to a 'fact in issue.'" *United States v. Rahm*, 993 F.2d 1405, 1411 (9th Cir.
1993); *see also generally* 2 Weinstein's Federal Evidence § 405.04[2][a]-[d], Expert Opinion
Evidence (2005 Suppl.).

Rule 704(b), however, prohibits an expert testifying as to *mens rea* in a criminal case
from stating "an opinion or an inference as to whether the defendant did or did not have the
mental state or condition constituting an element of the crime charged." The above proffered
opinion from Dr. Perez-Arce is a close call for the court under Rule 704(b). *See, e.g., United
States v. Finley*, 301 F.3d 1000, 1015-16 (9th Cir. 2002) (noting that "Rule 704(b) allows
expert testimony on a defendant's mental state so long as the expert does not draw the
ultimate inference or conclusion for the jury" and "distinguish[ing] between expert opinions that
'necessarily compel' a conclusion about the defendant's *mens rea* and those that do not");
*see also United States v. DiDomenico*, 985 F.2d 1159, 1164-65 (2nd Cir. 1993) (holding that
expert psychiatric testimony that defendant had "dependent personality disorder" such that
she lacked the requisite criminal knowledge should have been excluded under Rule 704(b) as

a "semantic camouflage" for testimony on the ultimate issue); *United States v.* Esch, 832 F.2d 531, 535 (10th Cir. 1987) (expert psychologist's testimony regarding defendant's "dependant personality" should have been excluded under Rule 704(b)); *United States v. Dixon*, 185 F.3d 393, 400-401 (5th Cir. 1999) (expert testimony that defendant could not appreciate the quality of wrongfulness of his conduct should have been excluded under Rule 704(b)).

Based on the discussion set forth above, the parties are ORDERED to brief the admissibility of Dr. Perez-Arce's testimony that:

> it is her opinion that Mr. Oregana is an extremely passive-dependent, non-aggressive individual for whom an act of deliberate violence would be totally out of character. She will testify that in performing her evaluation in this case, she ruled out certain personality disorders such as antisocial personality disorder and psychopathy which are normally symptomatic of a personality trait for violent and illegal behavior.

Defendant's brief shall be filed and served **no later than noon on Wednesday, January 4, 2006.** The government's response shall be filed and served **no later than noon on Friday, January 6, 2006.** No reply will be permitted.

**IT IS SO ORDERED.**

Dated: December 20, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge